FILED
2022 JAN 5 PM 1:23
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSICA G.,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>KILO KIJAKAZI,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:20-cv-00500-JNP-CMR<br><br>**REPORT AND RECOMMENDATION**<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

This case is referred from Judge Jill N. Parrish pursuant to 28 U.S.C. 636(b)(1)(B) (ECF 12). Plaintiff, Jessica G., seeks judicial review of the determination of the Commissioner of the Social Security Administration (the Commissioner) denying her application for disability insurance benefits (DIB). Pursuant to District of Utah Local Rule (Local Rule) 7-1(f), the court concludes that oral argument is not necessary. After careful consideration of the written briefs, the administrative record, and relevant legal authorities, the court recommends that the decision be REVERSED and REMANDED.

I.　　BACKGROUND

Plaintiff filed an application for DIB in June 2017, alleging disability beginning September 1, 2016, due to scleroderma morphea and fibromyalgia (Certified Administrative Transcript (Tr.) Tr. 231-232, 401).[1] After an administrative hearing (Tr. 13-30) before an Administrative Law Judge (ALJ), the ALJ found that while Plaintiff had medically determinable

---

[1] The ALJ also held that Plaintiff's anxiety, Graves disease, asthma, and obesity were not medically determinable impairments, though it does not appear Plaintiff was seeking benefits for those conditions (Tr. 21-22).

impairments of scleroderma morphea and major depressive disorder, Plaintiff did not have any severe impairments or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months and was therefore not disabled under the Social Security Act (Tr. 18-23).  As a result, the ALJ's analysis concluded at the second step of the sequential evaluation (Tr. 23).  The Appeals Council then denied Plaintiff's request for review (Tr. 3–8), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 20 C.F.R. §§ 404.981; 422.210(a).[2]  This appeal followed.

Plaintiff contends the ALJ misinterpreted and improperly applied Social Security Regulation (SSR) 12-2p in finding Plaintiff's fibromyalgia and scleroderma were not severe medical impairments and that the ALJ did not properly evaluate Plaintiff's testimony (Plaintiff's Opening Brief (ECF 21) (Pl. Br.) at 3).  As set forth below, the court agrees the ALJ improperly applied SSR 12-2p.

## II.     LEGAL STANDARDS

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation.  *See* 20 C.F.R. § 404.1520(a)(4).  The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

---

[2] Code of Federal Regulations (C.F.R.) citations are to the 2017 edition, which was in effect at the time of the ALJ's June 2017 decision.

*See id.* A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While substantial evidence is "more than a scintilla," it means only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Hacket v. Barnhart*, 395 F.3d 1168, 172 (10th Cir. 2005)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)). Harmless error applies only if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### III. DISCUSSION

Here, the ALJ found that Plaintiff had the following medically determinable impairments: scleroderma morphea and major depressive disorder (Tr. 19). *See* 20 C.F.R. § 404.1521. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that had significantly limited or was expected to significantly limit Plaintiff's ability

to perform basic work activities[3] for 12 consecutive months (Tr. 19–23). Specifically, the ALJ determined that Plaintiff's diagnosis of fibromyalgia was not a severe medically determinable impairment as defined by SSR 12-2p. *See* SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012) (SSR 12-2p) (summarizing the American College of Rheumatology's (ACR) guidelines for diagnosing fibromyalgia).

### A. The ALJ erred in his application of SSR 12-2p.

On appeal, Plaintiff asserts the ALJ committed harmful error in finding Plaintiff's fibromyalgia failed to satisfy the requirements of SSR 12-2p (Tr. 21-22). The court agrees.

At step two of the five-step evaluation process, the ALJ must determine whether the claimant has a "severe" medically determinable impairment or combination of impairments that meets the durational requirement set forth in 20 C.F.R. § 404.1509. 20 C.F.R. § 404.1520(a)(4)(ii). While the step two burden has been characterized as de minimis, "the mere presence of a condition is not sufficient to make a step two showing." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003).

Fibromyalgia can be the basis for a finding of disability when the medical criteria meet section II.A or II.B as set forth in SSR 12-2p. Section II.A requires that an applicant has provided evidence from an acceptable medical source that he or she has: 1.) a history of widespread pain—that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months; 2.) at

---

[3] Basic work activities include: 1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, carrying, or handling; 2) capacities for seeing, hearing, and speaking; 3) understanding, carrying out, and remembering simple instructions; 4) using judgment; 5) responding appropriately to supervision, coworkers, and usual work situations; and 6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1522; SSR 85-28, 1985 WL 56856, at *3.

least 11 positive tender points on physical examination found bilaterally on the left and right sides of the body and both above and below the waist; and 3.) evidence that other disorders that could cause the symptoms or signs were excluded.  SSR 12-2p II.A, 2012 WL 3104869, at *2-3.

Under Section II.B,, the SSA may also find that a person has a medically determinable impairment of fibromyalgia is he or she has: 1.) a history of widespread pain as outlined in II.A.1; 2.) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems, waking up unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and 3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs or co-occurring conditions were excluded.  SSR 12-2p II.B., 2012 WL 3104869, at *3.

After full consideration of the parties' briefs and administrative record, the court finds that the ALJ's step two findings are not supported by substantial evidence due to the ALJ's misapplication of SSR 12-2p.  While the ALJ did reference SSR 12-2p and addressed the sections II.A and B criteria, the ALJ determined that Plaintiff's impairment did not meet the requirements of SSR 12-2p based on a finding that the medical record did not contain "any more detailed diagnosis or any that were close to satisfying either" the SSR 12-2p II.A or B criteria (Tr. 21).  Nothing in SSR 12-2p requires a "detailed diagnosis" of fibromyalgia in order to meet the criteria of a medically determinable impairment under Sections A or B.  Rather, SSR 12-2p requires the ALJ to review "the physician's treatment notes to see if they are consistent with the diagnosis of [fibromyalgia], determine whether the person's symptoms have improved, worsened, or remained stable over time, and establish the physician's assessment over time of the person's physical strength and functional abilities."  SSR 12-2p I, 2012 WL 3104869, at *2.  Thus, the plain language of SSR 12-2p does not task the ALJ with searching the record for a

"detailed diagnosis" that meets the criteria of SSR 12-2p, but instead, the ALJ must make a determination based on consideration of the treatment records as a whole in finding whether an applicant's diagnosis of fibromyalgia is a medically determinable impairment. While the ALJ's decision cited to evidence in the record relating to the first and second criteria of SSR 12-2p II.A, the ALJ did not cite to evidence in the record regarding rule out testing. Due to the ALJ's reference to a standard not present in SSR 12-2p and failure to fully discuss the criteria under SSR 12-2p, the court cannot conclude that the appropriate legal principles were followed by the ALJ in this case.

Defendant acknowledges that notations by Plaintiff's medical providers state that Plaintiff had some symptoms that might suggest fibromyalgia but argues that Plaintiff failed to sufficiently develop the record and any error is harmless because diagnosis alone is insufficient to satisfy the requirements of SSR 12-2p. Regarding developing the record, the ALJ appears to have applied an incorrect standard which is a different issue from developing a record. While true that diagnosis alone is insufficient, Plaintiff's treatment records show that Plaintiff had a history or widespread pain for at least three months, did have over 11 documented tender points, and received laboratory and other rule out testing that potentially meet the each of the three requirements set out in SSR 12-2p II.A. Specifically, from early 2017 onward Plaintiff's medical providers have documented Plaintiff's consistently reported symptoms of widespread pain (Tr. 667, 732). In addition, medical records document she had at least 16/18 tender points (Tr. 815) and imaging and other laboratory tests to exclude other disorders (Tr. 604, 664, 667, 668, 671, 732, 733, 769, 776, 779, 785, 787, 788, 791, 792, 793, 794). The record also reflects that Plaintiff had been on medication to treat her fibromyalgia and her medical providers discussed its effects with Plaintiff at multiple visits (Tr. 779, 787, 792, 793). Finally, to satisfy

the third requirement of SSR 12-2p II.A or B, the SSRs state that "[l]aboratory testing may include imaging and other laboratory tests" like those for "complete blood counts, erythrocyte sedimentation rate, anti-nuclear antibody, thyroid function, and rheumatoid factor." *Id.* Here, the record reflects Plaintiff did in fact undergo a number of rule out tests that could meet the third requirement under the correct analysis (Tr. 535, 547, 603, 690-695, 755, 796). Under these circumstances, the court concludes that the ALJ's error in misapplying SSR 12-2p is not harmless.

In sum, the ALJ misapplied SSR 12-2p by concluding that a more detailed diagnosis was required as opposed to reviewing Plaintiff's treatment records under the specified criteria of SSR 12-2p II.A or B. While it is not the court's role to reweigh the evidence, we must determine whether the Commissioner's final decision is "free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ failed to properly apply the criteria set forth in SSR 12-2p to the substantial evidence in the record showing fibromyalgia. Therefore, the ALJ's determination that Plaintiff failed to meet SSR 12-2p criteria is not supported by substantial evidence. The ALJ's failure to properly evaluate Plaintiff's fibromyalgia as a medically determinable impairment mandates reversal and remand and is therefore dispositive of Plaintiff's appeal. Accordingly, the court will address only this dispositive issue, and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## RECOMMENDATION

For these reasons, the undersigned recommends the ALJ's decision be REVERSED and REMANDED to properly evaluate Plaintiff's fibromyalgia.

**NOTICE**

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 5 January 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah